# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) Criminal Case No. 2:23cr00014-001 |
| v. | ) |
| | ) **REPORT AND** |
| **SHERMAN DAVID WOODS,** | ) **RECOMMENDATION** |
| Defendant | ) |

### I.  Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's written consent, this case was referred to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct a plea hearing.

### II. Facts

The defendant has been charged in a two-count Information. On October 2, 2023, a plea hearing was conducted before the magistrate judge, and the defendant entered pleas of guilty to Counts One and Two of the Information, charging him with conspiracy to distribute and/or possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and conspiracy to possess with intent to distribute and to distribute Suboxone, a Schedule III controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(E).

At this hearing, the defendant was placed under oath and testified that he is

42 years old and had completed the 11ᵗʰ grade in school. Subsequently, he received his General Educational Development, ("GED"), diploma and attended some college classes. The defendant testified that he reads and writes the English language. The defendant denied that he had ever suffered from, been diagnosed with or treated for any type of mental illness. The defendant testified that he had a serious substance abuse history, including the use of methamphetamine, Suboxone and other illicit drugs up until the time of his arrest in May 2023. The defendant admitted that he returned to Suboxone use in July 2023 after he was released from inpatient substance abuse treatment. The defendant stated that he had not abused these controlled substances since his arrest and incarceration in July 2023. He also testified that he was not under the influence of any drug, medication or alcoholic beverage.

The defendant stated that he was fully aware of his right to grand jury indictment, that he had discussed that right with his counsel and that he wished to waive his right to grand jury indictment and consent to allow the Government's case against him to proceed on the two-count Information filed with the court. The defendant stated that, other than the terms of the Plea Agreement filed in this matter, no one had made any other promises to him or in any way had attempted to force him into waiving his grand jury indictment right. The undersigned accepted the defendant's waiver of his grand jury indictment rights, finding that the defendant was doing so knowingly and voluntarily.

The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant was advised in open court of the charges contained against him in the Information.

He testified that he had fully discussed the charges, and his case in general, with his counsel. He also testified that he had read the Plea Agreement in its entirety, and he had discussed the Plea Agreement with his counsel before signing the Agreement. He stated that he understood the terms of the Plea Agreement and that the document presented to the court set forth his agreement with the Government in its entirety. The defendant specifically testified that he understood that, under the terms of the Agreement, he was waiving any right to directly appeal or collaterally attack his conviction and sentence, insofar as he may legally do so.

     The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises, other than those contained in the Plea Agreement with the Government, assurances or threats to him in an effort to induce his pleas. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his pleas are accepted, he will be adjudged guilty of the offenses and that this adjudication may deprive him of valuable civil rights such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess a firearm. The defendant further testified that he understood that the offenses with which he is charged are drug offenses and that, if his pleas to these charges are accepted, he will be adjudged guilty of the offenses and that this adjudication will make him ineligible for certain federal benefits including certain Social Security and food stamp benefits.

     The defendant was informed of the possible maximum penalties provided by law for the offenses with which he is charged. In particular, the defendant stated that

he further understood that his pleas were being entered pursuant to Rule 11(c)(1)(C), and that he and the Government had agreed that he should be sentenced to a term of imprisonment between 21 and 27 months.

The defendant also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case.  The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case.  The defendant also testified that he understood that the court would not be able to determine the guideline sentence for his case until after a presentence report has been completed, and both parties have an opportunity to challenge the reported facts and the application of the Guidelines. The defendant stated that he understood that, after the applicable guideline range was determined, that the district judge has the authority in some circumstances to depart from the Guidelines and impose a sentence that is more severe or less severe than the sentence called for by the Guidelines. He stated that he understood that the Sentencing Guidelines were no longer mandatory, and after considering the Guidelines and the factors listed under 18 U.S.C. § 3553(a), the district judge may sentence outside of the Guidelines and up to the statutory maximum sentence. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney, the U.S. Attorney's Office or the U.S. Probation Office has given him. Under the terms of the Plea Agreement, the defendant is agreeing that Sentencing Guideline 2D1.1was applicable to his conduct in this case for a base offense level of 12 for at least 2.090 kilograms of converted drug weight. Also, pursuant to the Plea Agreement, the defendant is agreeing that Sentencing Guideline 2D1.1(b)(4) was applicable to his

conduct in this case for an additional two points added to his offense level because the object of the offense was distribution of a controlled substance in a correctional facility. The defendant stated that he knew parole had been abolished and that if he is sentenced to prison, he will not be released on parole and will serve his full term of imprisonment.

The defendant also testified that he understood he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty pleas are accepted:

> i. The right to plead not guilty to any offense charged against him;
> ii. The right at trial to be presumed innocent and to force the Government to prove his guilt beyond a reasonable doubt;
> iii. The right of assistance of counsel;
> iv. The right to see, hear and cross-examine witnesses;
> v. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
> vi. The right to decline to testify unless he voluntarily elected to do so in his own defense.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. He stated that he had no complaints whatsoever regarding his attorney's representation. The defendant also testified that he understood the possible consequences of his pleas and asked the court to accept his pleas of guilty to Counts One and Two of the Information.

The Government presented the following evidence regarding the offenses

with which the defendant is charged:

1. On January 2, 2022, Sherman David Woods, ("Woods"), who was then an inmate at the Duffield Regional Jail, used the Smart Communications video visit to call Angela Lovell, ("Lovell"), who was at her residence in Lee County, Virginia. During the call, Woods and another inmate asked Lovell to obtain and bring one gram of methamphetamine and other narcotics to Leeman Field, a county park in Lee County, within the Western District of Virginia, for another inmate, Robert Davis, ("Davis"), to pick up;
2. During the call, Woods and Lovell discussed different individuals who could supply the drugs;
3. Later on January 2, 2022, Woods emailed Lovell regarding payment for the drugs;
4. On January 3, 2022, Woods emailed and called Lovell regarding Lovell getting the methamphetamine from Felisha McKinney and taking it to Leeman Field, within the Western District of Virginia, to be picked up later by Davis, an inmate who was participating in the jail's work release program at Leeman Field;
5. On January 3, 2022, Lovell emailed Woods and told him she had taken the methamphetamine to Leeman Field and Davis would know where she had left it;
6. On January 6, 2022, the package was found by maintenance workers who contacted Lee County Sheriff's Office. Drug Task Force Agents located the package and took it as evidence. The package contained 1.4001 grams of a mixture or substance containing a detectable amount of methamphetamine;
7. Between August 1, 2021, and March 31, 2022, Woods and other co-conspirators known and unknown, distributed Suboxone strips in the Duffield Regional Jail;
8. On or about and between August 1, 2021, and March 31, 2022, Woods and other co-conspirators known and unknown, knowingly and intentionally conspired to distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in the Duffield Regional Jail, within the Western District of Virginia;
9. On or about and between August 1, 2021, and March 31, 2022, Woods and other co-conspirators known and unknown, knowingly and intentionally conspired to distribute and possess with intent to

      distribute Suboxone, a Schedule III controlled substance, in the Duffield Regional Jail, within the Western District of Virginia; and

10. Woods had knowledge of the overall objectives and scope of the conspiracy and knowingly and voluntarily participated in it.

## PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas;
2. The defendant is aware of the nature of the charges and the consequences of his pleas;
3. The defendant knowingly and voluntarily entered pleas of guilty to Counts One and Two of the Information; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned recommends that this court accept the defendant's pleas of guilty to Counts One and Two of the Information and adjudge him guilty of those offenses.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:    This 2nd day of October, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE